BENJAMIN B. WAGNER
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for the United States

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CLYMORE, an individual; DEBRA HARBIN-CLYMORE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL RAILROAD ADMINISTRATION, ET. AL,<br><br>Defendants. | Case No. 1:14-CV-00101 AWI SMS |

**PROTECTIVE ORDER GOVERNING PERSONAL INFORMATION**

**OF CHARLES MARK HAGOOD**

Plaintiffs Richard Clymore and Debra Harbin-Clymore ("Plaintiffs"), and Defendant United States ("United States"), stipulate, by and through the undersigned counsel, that to expedite the flow of information in this action and to protect Charles Mark Hagood's personally identifiable information, including but not limited to information regarding his social security number, health and financial information, addresses, and date of birth, which information shall be kept confidential, and to ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority and with the consent of the parties, ORDERED:

///

(1) **Production of Information By The United States That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, 45 C.F.R. § 164.102-164.534, 42 U.S.C. § 1306, HIPPA or Other Privacy Protections**.

The United States as defendant in this Action on behalf of the Federal Railroad Administration ("FRA") (collectively the "United States") may produce certain personally identifiable information (health and/or financial information that is connected to Charles Mark Hagood, including his date of birth, addresses, Social Security number or other identifying number) to the plaintiffs. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, 45 C.F.R. §§ 164.102-164.534, or 42 U.S.C. § 1306. The information produced may also be protected by the Health Insurance Portability and Accountability Act of 1996 and implementing regulations at 45 C.F.R. Parts 160 and 164 (collectively "HIPPA"). The United States shall produce these personally identifiable documents regarding Charles Mark Hagood unredacted to the plaintiffs' counsel. Upon producing these documents to the plaintiffs, the United States shall designate them as "confidential" on the documents themselves or on any disk or other electronic media containing the confidential information. The United States is not required to place a designation on each document produced on a disk or other electronic media.

The parties in this Action, including plaintiffs' counsel and his personnel, may use these documents only for purposes of the Action, and may disclose them to non-parties to the litigation only as needed for the Action, and only if the nonparty, including but not limited to experts retained by the parties to the Action, sign the form of acknowledgment attached to this Order. The parties to the Action shall not file these documents or submit them in any court filing unless all reasonable efforts have been made to conceal personally identifiable information regarding Charles Mark Hagood. The parties will comply with Local Rule 140 *et. seq*. when filing any documents or presenting the documents at a hearing or trial in connection with this Action.

Within ninety (90) days of the final conclusion of the Action, counsel for the parties to the Action shall return the documents designated confidential and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to counsel for the United States, or shall destroy them and certify in writing to the

Assistant United States Attorney representing the United States that the documents have been destroyed.

(2) **Designation of Material Subject to this Protective Order.**

To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter or on a disk label or disk container, by using the following designation: "CONFIDENTIAL INFORMATION- SUBJECT TO PROTECTIVE ORDER." Material cover by this Protective Order shall include, without further designation, any medical records of Charles Mark Hagood obtained by the Plaintiffs through subpoena or otherwise in the course of discovery.

(3) **Confidential Information in Depositions**.

The parties in this Action may show deponents designated confidential documents. However, efforts should first be made, if practicable, to conceal the personally identifiable information of Charles Mark Hagood. The parties in the Action may, within 30 business days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL INFORMATION - SUBJECT TO PROTECTIVE ORDER." Until expiration of the thirty (30) day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed separate from the portions and exhibits not so marked in any court filing in accordance with Local Rule 140 *et seq*. The provisions in paragraph (3) do not apply to expert witness depositions provided that the expert(s) execute the attachment identified as Exhibit "A".

Access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to the following persons:

///

///

a. Counsel for the parties, including outside and agency counsel, as well as members and employees of their firms including but not limited to their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this Action.

b. Outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this Action.

c. Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Action, for purposes of consulting, and/or testifying in this Action, and to whom counsel in good faith has deemed disclosure of such "CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Action.  This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of private medical information relating to Charles Mark Hagood.

d. Any fact witness, at the witness' deposition in this Action, but only if counsel who discloses "CONFIDENTIAL" information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Action.

e. Any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of "CONFIDENTIAL" material to have authored or received the "CONFIDENTIAL" material sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in the "CONFIDENTIAL" material, but only as to the specific material the person authored or received, or in which such person is referenced and discussed.

    f. This Court or any other Court exercising jurisdiction with respect to this litigation, including Court and clerical personnel recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation.

The plaintiffs shall not have access to information designated "CONFIDENTIAL" pursuant to this Order.

  (4) **Confidential Information in Open Court.**

The procedures for use of designated confidential documents during any hearing or the trial of the Action shall be determined by the parties in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove personally identifiable information regarding Charles Mark Hagood, request to submit such documents in accordance with the Local Rules, or introduce summary evidence where practicable. The parties will follow Local Rule 140 *et seq*. No party shall disclose designated confidential documents in open Court without prior consideration by the parties and the Court in the Action.

  (5) **Filing of documents.**

The Clerk in the Action may accept for filing this order any documents or filings consistent with the requirements of Eastern District Local Rule 140 *et seq*.

  (6) **Modification Permitted.**

Nothing in this Order shall prevent any party to this Action from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

  (7) **No Waiver.**

The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

  (8) **No Ruling on Discoverability Nor Admissibility**.

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability of any material in the Action.

(9) **Unauthorized Disclosure.**

Should any confidential information regarding Charles Mark Hagood be disclosed in a manner not authorized by this Protective Order, through inadvertence or otherwise, by a party or non-party, then the party or non-party that made the unauthorized disclosure shall use his/her best efforts to obtain the return of any such protected information and to bind the recipient of protected information to the terms of this Order and shall, within seven (7) business days of the discovery of such disclosure, inform the recipient of protected information of all provisions of this Order and identify such recipient to the party who designated the relevant protected health information. Nothing in his paragraph limits the remedies that the party who designated the relevant protected information may pursue in this Court for breach of this Protective Order.

(10) **Disclosure to Agencies or Departments of the United States.**

Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any organization within any such agency or department of the FRA, or any division of any such agency or department, designated confidential documents relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

(11) **Disclosures to Congress.**

Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

SO STIPULATED:

                              Respectfully submitted,

Dated:  May 8, 2015             BENJAMIN B. WAGNER
                                     UNITED STATES ATTORNEY

                            By:    /s/Jeffrey J. Lodge
                                    JEFFREY J. LODGE
                                    Assistant U.S. Attorney
                                    Attorneys for Defendant United States

Dated:  May 8, 2015            PANISH SHEA & BOYLE LLP

                            By:    /s/ Brian Panish
                                    BRIAN PANISH
                                    DAVID RUDORFER
                                    Attorneys for Plaintiffs

**IT IS SO ORDERED**.

Dated:  May  8, 2015

                              /s/ SANDRA M. SNYDER
                              UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

I, _____ have read the Protective Order in the action entitled *Richard Clymore and Debra Harbin-Clymore v. Federal Railroad administration (United States of America)*, United States District Court Eastern District of California, Case No. 1:14-cv-00101, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2015 at, _____.

_____