# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CLYMORE, an individual; DEBRA HARBIN-CLYMORE, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL RAILROAD ADMINISTRATION, Et Al., <br><br> Defendants. | CASE NO. 1:14-CV-101-AWI-SMS <br><br> ORDER FOLLOWING TELEPHONIC DISCOVERY DISPUTE |

On June 24, 2015, at 11:00am, the Court held a telephonic informal discovery dispute conference in chambers pursuant to a June 22, 2015 minute order. Assistant United States Attorney Jeffrey Lodge appeared in person. No appearance was made by Plaintiffs' counsel. The Court received phone call from a Camilla from Panish Shea & Boyle at 12:01pm, advising that Attorney Rudorfer was had not appeared that morning due to a deposition; however, the Court was not notified of the conflict before this phone call.

After waiting for Mr. Rudorfer's telephonic appearance until 11:13am, the Court discussed the dispute with Mr. Lodge. This communication was deemed by the Court not to be ex parte as Mr. Rudorfer had ample notice of the conference. Pursuant to the discovery dispute conference, the Court hereby ORDERS:

(1) Regarding Defendant's Request #25 to scan data/other data from Plaintiffs' vehicle – Plaintiffs, and certainly Plaintiffs' expert, knew better than to allow the subject motor vehicle to be sold, lost, or destroyed after Plaintiffs' expert's inspection. On or before July 2, 2015, Plaintiffs'

counsel shall produce any and all data collected by Plaintiffs' expert, including but not limited to all scan data and its progeny, as well as any and all measurements, surveys, photographs, testing and/or samples taken from said vehicle to be used or potentially used by Plaintiffs' expert in formulating his/her opinions/conclusions.  Should Plaintiffs' counsel fail to so produce and Defendant's counsel is forced to a noticed motion, Plaintiffs' counsel are advised that payment of Defendant's attorney fees and costs may well be ordered, and/or other sanctions imposed as advised in FRCP 37(b)(2)(A)(i)-(vi).

 (2) Regarding Plaintiffs' Amendment of Rule 26 Witness Disclosures – It appears as though eleven couples who were not accident witnesses, but rather friends of Plaintiffs' family, are among the amended witness list. On or before July 2, 2015, per Rule 26(a)(i), Plaintiffs shall narrow their witness list and/or supplement their disclosure to include the subject(s) of discoverable information for each of the new witnesses.

 (3)  Regarding the depositions of Krystle Clymore and Kelly Fowler – On or before July 2, 2015, counsel shall agree upon dates certain for the depositions of Krystle Clymore and Kelly Fowler.  Should that deadline not be met, the Court will set the depositions in the federal courthouse and impose monetary sanctions on the offending party.

 (4)  Regarding Mrs. Hagood's Deposition – On or before July 2, 2015, Plaintiffs' counsel shall notify Defendant's counsel of the scope and legitimate discoverable testimony sought from this witness, inasmuch as the Court anticipates telephonic conferences with the Court during said deposition regarding, among other objections, the declaration of marital communication privilege. If the scope and duration cannot be amicably worked out among counsel, the Court will order the deposition to be taken at the federal courthouse, and the Court will attend said deposition.

 IT IS SO ORDERED.

DATED:  6/25/2015                             /s/ SANDRA M. SNYDER
                                              UNITED STATES MAGISTRATE JUDGE