UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CLYMORE and DEBRA HARBIN-CLYMORE,<br><br>Plaintiffs<br><br>v.<br><br>FEDERAL RAILROAD ADMINISTRATION, CHARLES MARK HAGOOD, and DOES 1 through 10, inclusive,<br><br>Defendants | CASE NO. 1:14-CV-101 AWI SMS<br><br>ORDER VACATING HEARING AND ORDER ON PLAINTIFF'S MOTION REGARDING COLLATERAL ESTOPPEL<br><br>(Doc. No. 47) |

This is a wrongful death case that arises from the conduct of Charles Hagood ("Hagood"), while he was acting in the course and scope of his employment with the Federal Railroad Administration ("FRA").  On April 4, 2014, pursuant to 28 U.S.C. § 2679(d)(1) the United States filed a notice of substitution as defendant, in place of Hagood and the FRA.  See Doc. No. 7.  On August 31, 2015, Plaintiffs filed several motions,[1] including a motion for an order that collateral estoppel applies to the criminal conviction of Hagood.  See Doc. No. 47.  Hearing on this motion has been set for October 5, 2015.  The Court has reviewed the papers and determined that this matter is suitable for decision without oral argument.[2]  See Local Rule 230(g).  As such, the Court will vacate the October 5, 2015 hearing, and instead issue this order, which resolves Plaintiffs' motion.

---

[1] Plaintiff filed two other motions that deal with discovery matters.  Those motions currently are pending before the Magistrate Judge.

[2] The Court notes that Plaintiffs' reply memorandum was due September 28, 2015, see Local Rule 230(d), but no reply was filed.

*Parties' Arguments*

Plaintiffs argue that Hagood was convicted in California state court of vehicular manslaughter on June 24, 2015. In that trial, Hagood asserted a medical emergency defense, but the jury rejected that defense when it found him guilty. The United States is asserting the same medical emergency defense in this case. The four elements of collateral estoppel (identity of issues, a decision on the merits, identity of parties or privity, and an actual and necessary decision on the issue) are met with respect to the medical emergency theory, based on Hagood's conviction.[3] Therefore, the United States should be collaterally estopped from asserting the medical emergency defense and disputing liability.

The United States argues that Plaintiffs have not submitted sufficient evidence to show that the medical emergency defense was rejected by a jury during Hagood's criminal case. Moreover, the United States was not a party to Hagood's criminal case. Because it was not a party, the offensive use of collateral estoppel against the United States is improper.

*Discussion*

1.   Collateral Estoppel

The Supreme Court has held that "nonmutual offensive collateral estoppel" does not apply against the United States. United States v. Mendoza, 464 U.S. 154, 162 (1983); Kanter v. Commissioner, 590 F.3d 410, 419 (7th Cir. 2009); United States v. Maybusher, 735 F.2d 366, 370 (9th Cir. 1984). "Nonmutual collateral estoppel refers to use of collateral estoppel by a nonparty to a previous action to preclude a party to that action from relitigating a previously determined issue in a subsequent lawsuit against the nonparty." Idaho Potato Comm'n v. G&T Terminal Packaging, Inc., 425 F.3d 708, 713 n.3 (9th Cir. 2005). "'Offensive' use of nonmutual collateral estoppel occurs when a plaintiff seeks to prevent a defendant from relitigating an issue that the defendant previously litigated unsuccessfully against a different party." Id. (citing Mendoza, 464 U.S. at 159 n.4); see Kanter, 590 F.3d at 419 (noting that "offensive" use is "the use of a finding of fact from an earlier proceeding by a plaintiff, to establish part of its case.").

---

[3] The Court notes that Plaintiffs cite several Illinois state court decisions in their motion. It is unknown why these decisions are cited, as Illinois law does not appear to be a part of this case.

Here, Plaintiffs were not parties to the criminal prosecution of Hagood, and they contend that the United States was in privity with Hagood. Accepting that the United States and Hagood are in privity for purposes of this motion only, the United States would then be on the same footing as a party to the criminal prosecution. See Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000). Further, although Plaintiffs have submitted no evidence on the point, Plaintiffs' position is that the criminal jury made a finding that Hagood was not suffering from a medical emergency. Plaintiffs are clearly attempting to use that implied finding to establish liability and prevent the United States from relitigating the medical emergency defense. Thus, Plaintiffs is invoking nonmutual offensive collateral estoppel against the United States. See Kanter, 590 F.3d at 419. Pursuant to *Mendoza*, Plaintiffs cannot use collateral estoppel to prevent the United States from utilizing a medical emergency defense in this case. See Mendoza, 464 U.S. at 162; Kanter, 590 F.3d at 419; Maybusher, 735 F.2d at 370. Therefore, Plaintiff's motion will be denied. See id.

    2.    Substitution of Defendants

Once a scope of employment certification is filed, the lawsuit is "deemed an action against the United States," and "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1); Billings v. United States, 57 F.3d 797, 799 (9th Cir. 1995); Ward v. Gordon, 999 F.2d 1399, 1401 (9th Cir. 1993). The purpose of § 2679(d)(1) is to "remove the potential personal liability of Federal employees for common law torts committed within the scope of their employment, and . . . instead provide that the exclusive remedy for such torts is through an action against the United States under the Federal Tort Claims Act." Billings, 57 F.3d at 799.

Here, as noted above, the United States filed a notice of substitution pursuant to 28 U.S.C. § 2679(d)(1), which included a certification that Hagood was acting within the scope of his employment with the FRA. See Doc. No. 7. Although a scheduling order issued in which the United States appeared, no formal order of substitution has issued. Further, over a year has passed, and Plaintiffs have not challenged that certification. Therefore, the Court will take this opportunity and formally substitute the United States in place of Hagood and the FRA. See 28 U.S.C. § 2679(d)(1); Billings, 57 F.3d at 799; Ward, 999 F.2d at 1401.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The October 5, 2015 hearing is VACATED;
2. Plaintiffs' motion regarding collateral estoppel (Doc. No. 42) is DENIED;
3. Pursuant to the April 4, 2014 certification and 28 U.S.C. § 2679(d)(1), the United States is SUBSTITUTED as the Defendant in place of Charles Hagood and the Federal Railroad Administration.

IT IS SO ORDERED.

Dated:   September 29, 2015

SENIOR DISTRICT JUDGE