# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CLYMORE, an individual; DEBRA HARBIN-CLYMORE, an individual, | Case No. 1:14-cv-00101-AWI-SMS |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER |
| v. | |
| FEDERAL RAILROAD ADMINISTRATION, a Federal Public Entity; CHARLES MARK HAGOOD, an individual; and DOES 1 through 10, Inclusive, | (Doc. 41) |
| Defendants. | |

This is a wrongful death action arising from the alleged negligent conduct of Charles Hagood while acting within the course and scope of his employment with the Federal Railroad Administration. The matter is before this court on Plaintiffs' motion for a protective order to postpone the deposition of Kelly Stover[1] until after January 27, 2016. (Doc. 41.) Defendant[2] United States of America has filed an opposition to the motion.

After reviewing the parties' briefs, the court finds this matter suitable for decision without oral argument. Local Rule 230(g).

_____

[1] Previously named Kelly Fowler.
[2] On September 29, 2015, District Judge Anthony W. Ishii signed an order substituting the United States of America as the defendant in place of Charles Hagood and the Federal Railroad Administration. Doc. 48.

1

## I.    DISCUSSION

Plaintiffs' initial disclosures under Federal Rule of Civil Procedure 26(a) identified Stover, the decedent's former girlfriend, as a potential witness.  Doc. 29.  Consequently, Defendant subpoenaed Stover for deposition.  Plaintiffs, however, now request that the court order Stover's deposition to take place after she gives birth on or about January 27, 2016.

Plaintiffs contend the deposition will expose Stover to annoyance, embarrassment, oppression and undue burden, thereby subjecting her unborn child to unnecessary and potentially life threatening harm.  As support, Plaintiffs submitted a declaration from counsel and a letter from Stover's physician, Dr. John A. Swanson.

Defendant counters that Plaintiffs fail to make a clear showing of a particular and specific need to delay the deposition, stating that the physician's letter does not explain how the deposition would seriously harm Stover's health.  Defendant further avers that delay would interfere with its development of the facts which it must provide to its expert witness(s), thereby causing delay in its development of the case.

Because Plaintiffs do not oppose the deposition of Stover but only that it should not occur before she has given birth, the issue here is whether her deposition should be delayed until on or about January 27, 2016.

Rule 26(c)(1) provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> **(B)** specifying terms, including time and place, for the disclosure or discovery;
>
> **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . .

Fed. R. Civ. P. 26(c)(1).  "The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery."  *Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1063 (9th Cir. 2004).

Plaintiffs wish to avoid harm to Stover, who is now nearing the third trimester of her pregnancy and therefore, understandably, does not want to be deposed.  Depositions can be emotional and stressful to the deponent.  Given Stover's condition and her past intimate relationship with the decedent, it would not overcome reason to think that being involuntarily deposed at this point would cause unnecessary stress or even danger to the health of Stover and her unborn child.  Plaintiffs attempt to show good cause by not merely asserting a need to protect Stover; they also provide evidence by declaration of counsel and a physician's letter supporting the request.

Dated August 4, 2015, the letter states Stover "is to be placed on light duty" and "not [to] be in any trials" for the remainder of her pregnancy.  Doc. 41, Ex. 1.  Stover explained this also meant she was not to be in any "proceedings relating to trials such as depositions."  Doc. 40, Brian Panish Decl.  The declaration affirms reasons why Stover should not be deposed at this time.  Notably, Stover sought "professional medical therapy" to deal with the decedent's death.  The psychological trauma of the decedent's death caused Stover to undergo "at least 20-25 sessions of therapy over a 5-6 month period[.]"  Doc. 41.  These facts, along with Dr. Swanson's letter, unquestionably provide support for delaying the deposition until Stover has given birth.  *See Campos v. Webb Cnty. Tex.*, 288 F.R.D. 134, 136 (S.D. Tex. 2012) ("good cause, within the meaning of [Rule 26(c)] contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements") (internal quotations omitted).

While the court is mindful of the upcoming deadlines in this case, it also recognizes that Plaintiffs do not request the prohibition of Stover's deposition, only that the deposition be delayed and for arguably valid medical reasons.  *Contra id.*at 137 ("courts will rarely grant a protective

order that completely prohibits a deposition").  This Court therefore finds that, under the circumstances, Plaintiffs have shown good cause warranting the delay of Stover's deposition until she gives birth.

To the extent that Plaintiffs seek restrictions to the deposition, aside from requesting a delay, the court finds Plaintiff's rationale specious.  They do not dispute that a toxicology report revealed the decedent had drugs in his system at the time of  his death, but argue that Defendant has no reason to depose Stover regarding the report.  Plaintiffs do not, however, cite to any authority suggesting that the report and/or the issue of drugs in the decedent's system at the time of the accident is irrelevant or that Defendants should not be allowed to question Stover about the decedent's drug use.  Conclusory statements that the decedent "did nothing wrong" at the time of the accident or that the drug in his system "had no causal effect on his driving" do not, without more, overcome the scope of discovery under Rule 26.  *See* Fed. R. Civ. P. 26(b).

## II.    CONCLUSION

Accordingly, the court GRANTS Plaintiffs' motion for a protective order to postpone the Deposition of Kelly Stover until she gives birth on or about January 27, 2016.

IT IS SO ORDERED.

Dated:    **November 6, 2015**                    **/s/ Sandra M. Snyder**
                                                  UNITED STATES MAGISTRATE JUDGE