# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CLYMORE, an individual; DEBRA HARBIN-CLYMORE, an individual, | Case No. 1:14-cv-00101-AWI-SMS |
| Plaintiffs, | ORDER DENYING DEFENDANTS' MOTION TO COMPEL |
| v. | |
| FEDERAL RAILROAD ADMINISTRATION, a Federal Public Entity; CHARLES MARK HAGOOD, an individual; and DOES 1 through 10, Inclusive, | (Doc. 40) |
| Defendants. | |

This is a wrongful death action arising from the alleged negligent conduct of Charles Hagood while acting within the course and scope of his employment with the Federal Railroad Administration.  The matter is before this Court on Defendant United States of America's[1] motion to compel discovery response from Plaintiffs, the decedent's parents.  Doc. 40.   The parties have submitted a joint statement regarding the discovery disagreement.

After careful consideration, the Court finds this matter suitable for decision without oral argument.  Local Rule 230(g).

---

[1]  On September 29, 2015, District Judge Anthony W. Ishii signed an order substituting the United States of America as the defendant in place of Charles Hagood and the Federal Railroad Administration.  Doc. 48.

I.      BACKGROUND[2]

On November 10, 2014, Plaintiffs provided initial disclosures under Federal Rule of Civil Procedure 26.  Included were text messages, emails, and Facebook[3] screen shots of communications between the decedent and Plaintiffs.  Thereafter, Defendant requested production of all "email correspondence, data, social media, and documents for the time period surrounding the emails provided[.]"  Doc. 50.  Plaintiffs eventually responded with objections and noted "they do not have in their possession or control the emails or texts sent to or received from [the decedent] during the six months prior to his death, which have not already been produced."  Doc. 50.  With regard to the Facebook communications, Plaintiffs stated they "do not have in their possession or control the password or user name to gain access" to his Facebook account.  Doc. 50.

Plaintiffs' response prompted Defendant to subpoena Facebook, which Plaintiffs did not oppose, to seek production of the decedent's Facebook contents.  Facebook responded that they were without authority, under the Stored Communications Act (SCA), to produce the contents absent the account owner's consent.  Defendant thus requested that Plaintiffs obtain the contents from Facebook, but they refused.

A.  *Defendant's Contentions*

Defendant contends the text messages and Facebook contents which they seek are in Plaintiffs' possession and control.  These include all the decedent's text messages between September 21, 2012 and February 14, 2013 and his Facebook contents from February 24, 2010 to

---

[2]  The relevant facts and procedural history are taken from the parties' "Joint Statement Re Discovery Disagreement."  Doc. 50.

[3]  "For information about how Facebook works, *see* Mark Allen Chen, *Interactive Contracting in Social Networks,* 97 Cornell L.Rev. 1533, 1542 (2012); James Grimmelmann, *Saving Facebook,* 94 Iowa L.Rev. 1137, 1142–50 (2009); *United States v. Jeffries,* No. 3:10–CR–100, 2010 WL 4923335, at *5 n. 3 (E.D.Tenn. Oct. 22, 2010); *Facebook, Inc. v. Power Ventures, Inc.,* No. 08–5780, 2009 WL 1299698, at *1 (N.D.Cal. May 11, 2009); *Lane v. Facebook, Inc.,* No. 08–3845, 2009 WL 3458198, at *1 & n. 1 (N.D.Cal. Oct. 23, 2009); *Crispin v. Christian Audigier, Inc.,* 717 F.Supp.2d 965, 989 n. 50 & 51 (C.D.Cal.2010)."  *Ehling v. Monmouth-Ocean Hosp. Serv. Corp.*, 961 F. Supp. 2d 659, 662 n 1 (D.N.J. 2013).

February 5, 2013.  Specific to Facebook, Defendant asserts that because Plaintiffs alleged they are the decedent's legal heirs, they have custody and control of his Facebook account such that they can and should be compelled to produce the requested contents.

   B. *Plaintiffs' Contentions*

   Plaintiffs do not dispute the propriety of Defendant's Facebook request, but contend the request is misplaced.  Contrary to Defendant's assertion, Plaintiffs aver they have produced all requested Facebook communications of which they possess or that the decedent made available to them.  Further, Plaintiffs insist they cannot obtain control over the decedent's Facebook account because, contrary to Defendant's assertion, Facebook does not give such authority to a deceased person's heirs.  Moreover, they do not wish to obtain such access and control out of respect for the decedent's privacy.  Plaintiffs did not expressly address Defendant's request for the text messages.

## II.    DISCUSSION

   As reflected in the parties' joint statement, at issue between them is not whether Defendant is entitled to the information it seeks.  It also is not whether the SCA[4] governs Defendant's request or whether Facebook properly declined to comply with the subpoena.  Rather, it concerns Defendant's attempt to seek additional discovery—namely digital communications in the form of

---

[4]      Congress passed the SCA in 1986 as part of the Electronic Communications Privacy Act. The SCA was enacted because the advent of the Internet presented a host of potential privacy breaches that the Fourth Amendment does not address.   To address these potential privacy breaches, the SCA creates a set of Fourth Amendment-like privacy protections by statute, regulating the relationship between government investigators and service providers in possession of users' private information.   Specifically, the statute protects the privacy of electronic communications by (1) placing limits on the government's ability to compel network service providers to disclose information they possess about their customers and subscribers, 18 U.S.C. § 2703, and (2) restricting the ability of network service providers to voluntarily disclose information about their customers and subscribers to the government, 18 U.S.C. § 2702.

*Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013) (internal quotations omitted).

text messages and Facebook contents—discovery which Plaintiffs assert they cannot provide beyond what they already have.  The issue therefore is whether Plaintiffs have possession and control of the communications or can obtain them to satisfy Defendant's discovery request.

As the moving party, Defendant bears the burden of showing why Plaintiffs' refusal to disclose or obtain the communications is unjustified.  *See Stanislaus Food Products Co. v. USS-POSCO Indus.,* No. CV F 09-0560 LJO BAM, 2012 WL 1940662, at *4 (E.D. Cal. May 29, 2012) ("To succeed on a motion to compel, the moving party bears the burden of demonstrating that it is entitled to the requested discovery and has satisfied the proportionality and other requirements of Rule 26.") (citation omitted).[5]  For the reasons that follow, the Court concludes Defendant has not satisfied its burden.

Turning first to the Facebook communications:  While insisting that Plaintiffs have custody and control of the decedent's Facebook account because they are the decedent's legal heirs, Defendant cites to a form on Facebook's website, captioned "Special Request for Deceased Person's Account."  https://www.facebook.com/help/contact/228813257197480.  The form states in relevant part: "Please use this form to request the removal of a deceased person's account or for memorialization special requests."  Nothing on the form suggests that the heir(s) of a deceased account holder, by virtue of their status, obtains control of the deceased's account or that request for such control *will* be granted.  Nor does the form suggest that Facebook *will* honor an heir's request for the account's information or content.[6]

---

[5]  This unpublished decision is citable under Rule 32**.**1 of the Federal Rules of Appellate Procedure.  *See also* 9th Cir. R. 36–3(b).

[6]  When asked by a user at its Help Center about seeking content from the account of a deceased person, Facebook stated:

> Once an account is memorialized, the content the person shared (ex: photos, posts) remains on Facebook and is visible to the audience with whom it was shared.
>
> In rare cases, we consider requests for additional account information or content.  You'll be required to provide proof that you're an authorized representative (ex: family member) and a court order.

4

Defendant has not therefore shown, based on the form for memorializing a Facebook account, that Plaintiffs have custody and control of the decedent's Facebook contents beyond what they already have or that they can successfully obtain such content.

*In re Facebook, Inc.*, 923 F.Supp.2d 1204 (N.D. Cal. 2012) is unhelpful to Defendant. There, the deceased's surviving family members sought Facebook records as evidence to dispute an alleged suicide. *Id.* at 1205. The court granted Facebook's motion to quash the subpoena and held that it lacked jurisdiction to address whether the surviving family members may consent on the deceased's behalf to allow Facebook to disclose the records voluntarily. *Id.*[7] The court's holding thus undermines Defendant's assertion that Plaintiffs have control of the decedent's Facebook account.

Concerning the text messages, Defendant cites to cases which also do little, if any, to support their contentions. In *Mintz v. Mark Bartelstein & Associates, Inc.*, 885 F.Supp.2d 987, 990 (C.D. Cal. 2012), the plaintiff moved to quash a subpoena from the defendants who sought "information related to his telephone calls and text messages made or received by [his] AT &T

---

> Please keep in mind that *sending a request or filing the required documentation doesn't guarantee that we'll be able to provide you with the content of the deceased person's account.*

FACEBOOK, https://www.facebook.com/help/everyphone-standard/123355624495297 (last visited December 2, 2015) (emphasis added). Facebook's response here shows it will, at most, *consider* a request by an authorized representative for information or content, not that it will grant such request. Understandably, this is in line with Facebook's policy of protecting the privacy of its users. *See* Facebook, *Statement of Rights and Responsibilities* § 4.8, https://www.facebook.com/legal/terms ("You will not share your password . . . let anyone else access your account, or do anything else that might jeopardize the security of your account.") (last visited December 2, 2015); *see also* https://www.facebook.com/help/117177641701328 (Facebook "will never ask for [a user's] password in an email or Facebook message") (last visited December 2, 2015).

[7] The *In re Facebook* court also stated that Facebook could "conclud[e] *on its own* that the surviving family members have standing to consent on [the deceased's] behalf and provid[e] the requested materials voluntarily." *In re Facebook*, 923 F.Supp.2d at 1205 (emphasis added). That statement, however, was obiter dictum. The court was attempting to encourage Facebook to assist the parties in understanding cause of death.

account[.]"  After concluding that the "SCA does not contain an exception for civil discovery

subpoenas[,]" the court explained that the defendants could, instead, request the plaintiff to obtain

copies of his text messages under Rule of Civil Procedure 34[8]—messages which are "within his

control because he has the right to obtain [them] . . . on demand[.]"  *Id.* At 994 (internal quotations

omitted).  The court ultimately ruled that federal law supports enforcing the subpoena "for

information *other than the content* of communications."  *Id.* at 1001 (emphasis added).

Unlike the plaintiff in *Mintz*, Plaintiffs have disclosed text messages which are within their

control and there is no evidence of their legal right to obtain the decedent's other messages of

which they were neither recipients nor senders.  And, Defendant has not shown that Plaintiffs can

obtain all of the decedent's text messages on demand.  More importantly, the court's ultimate ruling

belies Defendant's position herein.  *Mintz* is therefore unavailing.

*Doe v. City of San Diego*, No. 12-CV-0689-MMA-DHB, 2013 WL 2338713 (S.D. Cal. May

28, 2013) is equally unavailing.  Addressing the City of San Diego's civil subpoena to Verizon for

records of the plaintiff's cell phone number, including text messages and Blackberry Instant

Messages (BBIMs), the court there concluded that "the SCA "prohibits [a wireless communications

provider like] Verizon from disclosing the content of any text messages or BBIMs sought by the

City's subpoena."  *Id.* at *4.  Citing to *Mintz*, the court noted that the SCA does not prevent the City

from seeking the cell phone records via a Rule 34 request and that the plaintiff had control of such

records "as the addressee, intended recipient and/or originator of the communications."  *Id.*  The

court, however, declined to address whether plaintiff could successfully object to the request.  *Id.*

In this case, there is no dispute that Plaintiffs have control of the text messages addressed to them

---

[8]  Rule 34 states, in relevant part: "A party may serve on any other party a request within the scope of Rule 26(b): **(1)** to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control . . . ."  Fed. R. Civ. P. 34.

or sent by them to the decedent.  There is no evidence that they have control of the messages of which they were not the addressee, intended recipient or originator.  And Defendant has not shown otherwise.

Failing to show that Plaintiffs have possession and control or can obtain the decedent's text messages and Facebook communications for the requested time period, Defendant has not met their burden of showing why Plaintiffs' refusal is unjustified.

III.     CONCLUSION

Accordingly, the court DENIES Defendant's motion to compel.

IT IS SO ORDERED.

Dated:   **December 2, 2015**                    _____**/s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE