# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CLYMORE and DEBRA HARBIN-CLYMORE,<br><br>Plaintiffs<br><br>v.<br><br>FEDERAL RAILROAD ADMINISTRATION, CHARLES MARK HAGOOD, and DOES 1 through 10, inclusive,<br><br>Defendants | CASE NO. 1:14-CV-101 AWI SMS<br><br>ORDER ON EX PARTE APPLICATION TO REOPEN<br><br>(Doc. No. 68) |

On January 28, 2016, a notice of settlement was filed. See Doc. No. 64. On February 2, 2016, a minute order was issued that set a deadline of February 22, 2016 for the parties to file a stipulation of dismissal. See Doc. No. 65. In relevant part, the minute order stated in relation to a stipulation for dismissal, "If not received, the Court may dismiss the matter on its own authority." See id. Because the parties made no further filings, the Court followed through on its warning and dismissed the case on February 26, 2016. See Doc. No. 66. The dismissal was an involuntary dismissal under Rule 41(b), as well as under the Local Rules. See id.

On March 3, 2016, the Defendant filed a stipulation and proposed order that dismissed the case with prejudice. See Doc. No. 67. The stipulation is only a stipulation, it does not discuss the prior February 26 order. See id.

On March 7, 2016, Defendant filed an ex parte request to reopen this case, so that the Court could then sign the proposed dismissal with prejudice. See Doc. No. 68. The application explains that Plaintiff would not sign a dismissal until he received settlement proceeds, which did not occur until after the February 22, 2016 deadline. See id.

After considering the application, the Court will not reopen this closed case. The Court understands that the reason a stipulation was not filed was due to Plaintiff's failure to sign a stipulated dismissal, and that Defendant seeks an order that expressly dismisses this case with prejudice. However, Defendant already has an order that dismisses this case "with prejudice."

Rule 41(b) expressly provides that, unless otherwise stated in the order itself, a dismissal operates as "an adjudication on the merits." See Fed. R. Civ. P. 41(b).[1] "An adjudication on the merits" is synonymous with a dismissal "with prejudice." See Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001); Havens v. Mabus, 759 F.3d 91, 98 (D.C. Cir. 2015); Sikhs v. Badal, 736 F.3d 743, 751 (7th Cir. 2013); Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007); Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005); Stewart v. U.S. Bancorp., 297 F.3d 953, 956 (9th Cir. 2002). Here, the Court's dismissal order did not state that the dismissal was "without prejudice" or that it was not an adjudication on the merits. See Doc. No. 66. Therefore, by the express operation of Rule 41(b), the dismissal order was "an adjudication on the merits," which means that the dismissal was "with prejudice." See id. Given the nature of a Rule 41(b) dismissal, no adequate reason has been presented to reopen this case.[2] Semtek Int'l, 531 U.S. at 505; Havens, 759 F.3d at 98; Sikhs, 736 F.3d at 751; Nasious, 492 F.3d at 1162; Luney, 432 F.3d at 867; Stewart, 297 F.3d at 956.

Accordingly, IT IS HEREBY ORDERED that, because the dismissal in this case (Doc. No. 66) is a dismissal with prejudice, Defendant's application to reopen this matter is DENIED.

IT IS SO ORDERED.

Dated:   March 7, 2016

_____
SENIOR DISTRICT JUDGE

---

[1] There are three exceptions to this rule – dismissals for lack of jurisdiction, improper venue, and absence of a necessary part under Rule 19. See Fed. R. Civ. P. 41(b). None of these exceptions apply in this case.

[2] The Court would advise for future cases that, if it appears that a dismissal deadline will not be met, a litigant should file a request for additional time to file dismissal papers.